UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

JONATHAN DIXON,

        Plaintiffs,                              CASE NO.:

vs.

GALE HEALTHCARE SOLUTIONS –
FLORIDA, LLC,
a Florida Limited Liability Company

Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, JONATHAN DIXON (hereinafter "DIXON"), by and through his undersigned Counsel, and sues the Defendant, GALE HEALTHCARE SOLUTIONS – FLORIDA, LLC, a Florida Limited Liability Company, (hereinafter "GALE HEALTHCARE"), alleging the following:

### JURISDICTION AND VENUE

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over Plaintiff's claims arising under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 et seq., pursuant to 28 U.S.C § 1311 and 29 U.S.C. § 216(b).

3. Venue lies within the Southern District of Florida, Fort Pierce Division, pursuant to 28 U.S.C §1391(b), because all actions giving rise to this claim arose in the Judicial Circuit.

4. All statutory and administrative prerequisites have been met, waived, or abandoned prior to the filing of this action.

## PARTIES

5. At all times material hereto and currently, GALE HEALTHCARE was/is duly authorized and licensed to do business in Orange County, Florida, with its physical location at 4111 Metric Dr., Winter Park, FL 32792.

6. In the course and scope of its business, GALE HEALTHCARE employed at least two (2) employees within the meaning of the FLSA.

7. In the course and scope of its business, GALE HEALTHCARE had/has many employees who regularly handled, sold, and otherwise worked on goods and materials that were moved in and/or produced for commerce by any person.

8. In the course and scope of its business, GALE HEALTHCARE engaged in and continues to engage in interstate commerce within the meaning of the FLSA.

9. GALE HEALTHCARE had/has annual gross sales and/or business volume of $500,000 or more.

10. At all times material hereto, DIXON was a resident of Lee County, Florida from 2018 until 2020. From 2020 through the present, DIXON was, and is, a resident of St. Lucie County, Florida, and was an "employee" of GALE HEALTHCARE as defined by the FLSA.

11. GALE HEALTHCARE controlled DIXON's duties, hours worked and compensation. Accordingly, GALE HEALTHCARE was DIXON's "employer" as defined by the FLSA.

**FACTUAL ALLEGATIONS**

12. Plaintiff, JONATHAN DIXON, was employed as a full-time Clinician Recruiter at GALE HEALTHCARE beginning in October of 2018.

13. DIXON continued to work as a Clinician Recruiter for GALE HEALTHCARE up until his termination in July 2023.

14. Throughout his employment with GALE HEALTHCARE, DIXON exhibited exemplary job performance and performed all job duties and obligations required of him.

15. GALE HEALTHCARE initially attempted to classify DIXON as an independent contractor despite holding him out to be an employee of GALE HEALTHCARE, thereby avoiding any obligation to payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits. GALE HEALTHCARE then changed DIXON to a W2 employee without any changes to his position, title or responsibilities.

16. GALE HEALTHCARE did not pay DIXON the correct amount in overtime wages during his employment, as reflected through his paystubs.

17. DIXON's rate of pay at GALE HEALTHCARE during the relevant times of his employment was between $18.00 and $33.00 per hour.

18. Accordingly, DIXON's entitled overtime rate of pay was between $28.00 and $48.00 per hour (time and a half) depending on his salary that year. (i.e. $22.03 time and a half at salary of $51,950.00 in 2020, $28.02 time and a half at a salary of $66,503.63 in 2021, $48.25 time and a half at a salary of $113,776.16 in 2022, and $36.75 time and a half at a salary of $46,728.75).

19. DIXON worked an average of 68 hours per week, with an average rate of 28 hours of overtime per week.

20. From November 2020 to July 2023, DIXON worked at least 3,920 hours of overtime for which he did not receive compensation.

21. From November 2020 through the end of the year, DIXON earned a salary of $7,992.24. DIXON's weekly rate during this time period was $999.03, making his hourly rate $14.69 and his overtime rate $22.03.

22. At a rate of $22.03 per overtime hour, and the accrual of 224 hours of overtime at said rate, less the amount paid to Dixon, is owed $1,644.16.

23. From June 2021 through the end of the year, DIXON earned a salary of $66,503.63. DIXON'S weekly rate during this time period was $1,278.91, making his hourly rate $18.80 and his overtime rate $28.20.

24. At a rate of $28.20 per overtime hour and the accrual of 672 hours of overtime at said rate, less the amount paid to DIXON, DIXON is owed $13,686.40.

25. During the year 2022, DIXON earned a salary of $113,776.16. DIXON'S weekly rate during this time period was $2,188.00, making his hourly rate $32.17 and his overtime rate $48.25.

26. At a rate of $48.25 per overtime hour and the accrual of 1,456 hours of overtime at said rate, less the amount paid to DIXON, DIXON is owed $23,419.76.

27. From January 2023 through July 14, 2023, DIXON earned a salary of $46,728.75. DIXON'S weekly rate during this time period was $1,669.22, making his hourly rate $24.50, and his overtime rate $36.75.

28. At a rate of $36.75 per overtime hour and the accrual of 784 hours of overtime at said rate, less the amount paid to DIXON, DIXON is owed $9,432.50.

29. In total, DIXON is owed a total of $46,538.66 in unpaid overtime wages.

30. DIXON is owed an additional $46,538.66 in liquidated damages.

31. GALE HEALTHCARE knowingly and willingly refused to pay DIXON his legally entitled overtime wages.

**COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT ("FLSA")**

32. Plaintiff, JONATHAN DIXON, realleges and incorporates the allegations in paragraphs 1 through 31 above as if fully set forth herein.

33. Under the Fair Labor Standards Act, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

34. "Any employer who violates the provisions of Section 207 [of the Fair Labor Standards Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

35. DIXON brings forth this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and alleges that he is entitled to the following: (a) overtime wages as listed above, and (b) liquidated damages.

36. At all relevant times, GALE HEALTHCARE employed DIXON within the meaning of the FLSA.

37. During DIXON's employment with GALE HEALTHCARE, and at all times relevant to this action, DIXON regularly worked overtime hours but was not paid time and one-

half compensation for each additional hour he worked in excess of forty (40) hours per week.

38. Specifically, DIXON is owed for working at least 4,368 hours of overtime for GALE HEALTHCARE.

39. The total amount due and owing to DIXON, less the improper rate he was paid for overtime hours, is $46,538.66, which is subject to change as DIXON engages in the discovery process, plus an additional $46,538.66 liquidated damages.

40. GALE HEALTHCARE's failure to pay DIXON his proper rate of compensation for overtime hours worked from June 2021 to July 2023 is in direct violation of the FLSA, in particular 29 U.S.C. §§ 206 and 207.

41. GALE HEALTHCARE's actions as alleged in this complaint have been willful and intentional. GALE HEALTHCARE has not made a good faith effort to comply with the FLSA with respect to the compensation of DIXON.

42. DIXON seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JONATHAN DIXON, demands judgment against Defendant, GALE HEALTHCARE PEO, LLC, a Florida Limited Liability Company, and requests the following relief:

(a) A judgment in favor of DIXON for GALE HEALTHCARE's violations of the FLSA;

(b) An order requiring GALE HEALTHCARE to compensate DIXON for unpaid overtime wages in the amount of $46,538.66 and for liquidated damages in the amount of an additional $46,538.66 under the FLSA;

(c) Declare GALE HEALTHCARE's conduct to be in violation of Florida Statute § 440.205;

(d) Award the equitable remedy for back pay and front pay in lieu of reinstatement;

(e) Award compensatory damages to DIXON;

(f) An award to DIXON for all costs and reasonable attorneys' fees incurred in connection with this action;

(g) An award to DIXON for prejudgment interest on all monetary recovery obtained;

(h) An injunction permanently enjoining GALE HEALTHCARE, its officers, agents, employees, assigns and all persons in active concert of participation with them, from engaging in any employment practices that violate the FLSA and Florida Statute § 440.205; and

(i) Any such additional or alternative relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JONATHAN DIXON, demands a trial by jury on all issues so triable.

Dated October 31, 2023.

Respectfully submitted,

By: **/s/ Gregory S. Sconzo**
GREGORY S. SCONZO, ESQUIRE
Florida Bar No.: 0105553
SAMANTHA L. SIMPSON, ESQ.
Florida Bar No.: 1010423
**Primary Email:** greg@sconzolawoffice.com
**Primary Email**: samantha@sconzolawoffice.com
**Secondary Email**: alexa@sconzolawoffice.com
**Sconzo Law Office, P.A.**
3825 PGA Boulevard, Suite 207
Palm Beach Gardens, FL 33410
Telephone: (561) 729-0940
Facsimile: (561) 491-9459